NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0502n.06
Filed: June 14, 2005

Case No. 03-6496

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff - Appellee, | ) | |
| | ) | **ON APPEAL FROM THE** |
| v. | ) | **UNITED STATES DISTRICT** |
| | ) | **COURT FOR THE EASTERN** |
| BRYAN D. MILLER, aka Bizzy, | ) | **DISTRICT OF TENNESSEE** |
| Brian Miller, Benny Johnson, | ) | |
| Benny Jones, | ) | |
| | ) | |
| Defendant - Appellant. | ) | |
| | ) | |
| _____ | ) | |

BEFORE: BATCHELDER and DAUGHTREY, Circuit Judges; O'KELLEY[*], District Judge.

ALICE M. BATCHELDER, Circuit Judge. Defendant-Appellant Bryan Miller appeals

his sentence for conspiracy to distribute cocaine and marijuana in violation of 21 U.S.C. § 846 and

conspiracy to launder money in violation of 18 U.S.C. § 1956(h). Because the district court relied

on judge-found facts to enhance Miller's sentence pursuant to the mandatory sentencing guidelines

in place at the time, we will VACATE Miller's sentence and REMAND for resentencing.

**I.**

On December 5, 2002, Miller pled guilty to Counts One and Two of a Superceding

Indictment, which charged him with conspiracy to distribute cocaine and marijuana and conspiracy

to launder money. In his plea agreement, Miller stipulated that he was a member of a group that

_____

[*]The Honorable William C. O'Kelley, United States District Judge for the Northern District of Georgia, sitting by designation.

shipped drugs from Los Angeles, California to Chattanooga, Tennessee. Miller also admitted that he conspired to distribute at least five kilograms of cocaine powder and 1,000 kilograms of marijuana. The plea agreement describes the details of Miller's money laundering scheme.

The district court assigned Miller a base offense level of 34 and, pursuant to U.S.S.G. § 2D1.1(b)(1), enhanced his sentence by two levels because it was "reasonably foreseeable" that his coconspirators would have possessed firearms. The court also imposed a four-level enhancement pursuant to U.S.S.G. § 3B1.1(a) because Miller was the leader of a criminal activity that involved five or more participants, yielding a total offense level of 40. With a Criminal History Category of III, the guideline range for Miller's offense was 360 months to life. The district court sentenced Miller to 400 months' imprisonment.

## II.

In *United States v. Booker*, 125 S. Ct. 738 (2005), the Supreme Court held that the mandatory federal sentencing guidelines violated the Sixth Amendment by requiring judges to enhance the sentences of defendants based on facts not found by a jury or admitted by the defendant. To remedy this problem, the Court excised from the Sentencing Act the provisions making the guidelines mandatory. *Booker* then instructed reviewing courts to apply its Sixth Amendment holding and its remedial interpretation of the Sentencing Act to all cases on direct review. *Id.* at 769. *Booker* further mandated that reviewing courts apply ordinary prudential doctrines, such as plain error review, to determine if re-sentencing is warranted. *Id.*

Though enhancements based on facts admitted by the defendant do not violate *Booker*'s rule, *see United States v. Milan*, 398 F.3d 445, 455 (6th Cir. 2005), we do not think that the admissions that Miller made as part of his plea agreement are sufficient to support either of the enhancements

2

imposed. Pursuant to U.S.S.G. § 2D1.1(b)(1), a sentencing court should increase a drug defendant's base level by two points "if a dangerous weapon (including a firearm) was possessed." *United States v. Stewart*, 306 F.3d 295, 326 (6th Cir. 2004). For the enhancement to apply, the Government must establish "1) that the defendant actually or constructively 'possessed' the weapon, and 2) such possession was during the commission of the offense." *United States v. Hill*, 79 F.3d 1477, 1485 (6th Cir. 1996). "If the offense committed is part of a conspiracy, however, the government does not have to prove that the defendant actually possessed the weapon, but instead may establish that a member of the conspiracy possessed the firearm and the member's possession was reasonably foreseeable by other members of the conspiracy." *Stewart*, 306 F.3d at 326 (quoting *United States v. Owusu*, 199 F.3d 329, 347 (6th Cir. 2000)); *see also United States v. Chalkias*, 971 F.2d 1206, 1217 (6th Cir. 1992).

A defendant who pleads guilty admits to all of the facts in the indictment. *United States v. Burgin*, 388 F.3d 177, 182 (6th Cir. 2004). The plea of guilty to the indictment's allegation that Miller's coconspirators carried guns throughout the life of the conspiracy is insufficient to support an enhancement pursuant to § 2D1.1(b)(1) because the indictment neither speaks to foreseeability nor alleges that Miller himself carried a firearm. Miller's plea agreement is also silent on whether he carried a firearm. Likewise, Miller's § 3B1.1(a) enhancement is unsupported by his admissions. Under § 3B1.1(a), a defendant's base offense level is increased by four points "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." *United States v. Ward*, 68 F.3d 146, 151 (6th Cir. 1995). Miller, however, did not explicitly admit to playing a leadership role as part of his plea agreement and the indictment does not allege that he was the leader or organizer of the conspiracy. Though the record contains

3

ample evidence to support enhancing Miller's sentence pursuant to §§ 2D1.1(b)(1) and 3B1.1(a) on remand, we cannot say that he admitted to the facts justifying their application under the pre-*Booker* version of the guidelines.

Because, pursuant to the mandatory federal sentencing guidelines in place at the time, Miller's sentence was enhanced based on facts found by the sentencing judge, his sentence violates the Sixth Amendment under *Booker*. Since Miller failed to make a Sixth Amendment objection at sentencing, however, we conduct plain error review to determine if he must be re-sentenced. Under that test, there must be (1) error, (2) that is plain, (3) and that affects substantial rights. *United States v. Oliver*, 397 F.3d 369, 378 (6th Cir. 2005). If these three conditions are met, an appellate court may then exercise its discretion to notice the forfeited error if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Miller's sentence in violation of the Sixth Amendment constitutes error that is plain. *Id.* at 378-79. Moreover, according to this circuit's precedent in *United States v. Oliver*, a sentence enhancement based on judge-found facts under a mandatory guidelines system necessarily affects Miller's substantial rights.[1] *Id.* at 379-80. Finally, *Oliver* dictates that any sentencing error that leads to a violation of the Sixth Amendment by imposing a more severe sentence than is supported by the jury verdict automatically diminishes the integrity and reputation of the judicial system. *Id.*

---

[1]Speaking only for myself, I note my disagreement with *Oliver*'s unwarranted departure from traditional plain error review. Despite purporting to apply plain error review, *Oliver* fails even to discuss, much less enforce, the defendant's traditional burden of proving that the district court's error prejudiced him. *Oliver* reasoned that since the defendant received a sentence "beyond that which was supported by the jury verdict and [his] criminal history," he was necessarily prejudiced because he "*arguably* received a sentence that was longer than his sentence would have been absent a Sixth Amendment violation." *Oliver*, 397 F.3d at 379-80 (emphasis added). "Arguably" is not enough, however. Under the ordinary plain error review that *Booker* requires, 125 S. Ct. at 769, a defendant bears the burden of proving that he was prejudiced by the error, *United States v. Olano*, 507 U.S. 725, 734 (1993): i.e., that absent that error, he would more likely than not have received a lower sentence. By simply ignoring this requirement, *Oliver* effectively holds that every Sixth Amendment violation in a *Booker*-type case automatically prejudices a defendant, a holding that does not comport with Supreme Court precedent.

4

at 380.  Accordingly, we **VACATE** Miller's sentence and **REMAND** this case to the district court

for re-sentencing.

**WILLIAM C. O'KELLEY, District Judge**, specially concurring. I concur with the foregoing opinion of the court, including the author's comments in footnote 1.